U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

JAN 2 3 2008

ROBERT H. SHEMWELL, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| ANDREA CLUSE, individually and on behalf of her minor son BEAU CLUSE; and BRENNAN GORDON | : | DOCKET NO. 2:07 CV 1673 |
| VS. | : | JUDGE MINALDI |
| FEDERAL EMERGENCY MANAGEMENT AGENCY and MATTHEW MOYER | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction, [doc. 7], filed by the defendants the Federal Emergency Management Agency (hereinafter "FEMA") and Matthew Moyer (hereinafter collectively "the Government"). The plaintiffs, Andrea Cluse, suing individually on and behalf of her minor son Beau Cluse, and Brennan Gordon did not file an Opposition.

The plaintiffs filed suit pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.*, alleging that on or around April 1, 2006, Matthew Moyer was driving a FEMA vehicle that struck Andrea Cluse's vehicle.[1] The Government now moves for dismissal pursuant to FED. R. CIV. P. 12(b)(1) for lack of subject matter jurisdiction because the plaintiffs failed to first present the claim to FEMA as required by 28 U.S.C. § 2675(a).

---

[1] Def.'s Mem. in Support of Mot. to Dismiss (Dec. 7, 2007) [doc. 7-2], at 1.

1

A party may move to dismiss for lack of subject matter jurisdiction under FED. R. CIV. P. 12(b)(1). A motion to dismiss for lack of jurisdiction under the FTCA is properly brought under FED. R. CIV. P. 12(b)(1). *Broussard v. United States*, 989 F.2d 171, 177 (5th Cir. 1993). When the defendant asserts lack of subject matter jurisdiction, the plaintiff must establish jurisdiction. STEVEN BAICKER-MCKEE ET AL., FEDERAL CIVIL RULES HANDBOOK 2008 359 (2007).

The subject matter jurisdiction of federal courts over tort liability of the United States rests upon the waiver of sovereign immunity under the FTCA. When the United States has not waived sovereign immunity, federal courts lack jurisdiction over the United States. Pursuant to the FTCA, the United States has waived its sovereign immunity, subject to the plaintiff's compliance with procedural requirements.[2] *See* 28 U.S.C. §§ 2401, 2675(a). Pursuant to 28 U.S.C. § 2675(a):

> [A]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim...

Thus, the plaintiff is required to first present the claim for administrative review prior to filing suit in federal court. The Government alleges, and submits a supporting

---

[2] The Government also cites several cases to demonstrate that the Congressional intent behind the presentation requirement was "to ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States." *Adams v. United States*, 615 F.2d 284, 288 (5th Cir. 1980).

affidavit,[3] that FEMA has never received notice of the plaintiffs' claim. Accordingly, the Government argues that this court should dismiss the case for lack of subject matter jurisdiction because the plaintiffs failed to comply with the requirements of 28 U.S.C. § 2675(a) before bringing suit in federal court. Because there is no evidence before the court that the plaintiffs did comply with the requirements of 28 U.S.C. § 2675(a) before bringing suit, and because the plaintiffs bear the burden of establishing jurisdiction, the Government's Motion to Dismiss is hereby GRANTED; accordingly,

IT IS ORDERED that the Government's Motion to Dismiss, [doc. 7], is hereby GRANTED,

IT IS FURTHER ORDERED that this case is hereby DISMISSED.

Lake Charles, Louisiana, this ___ day of _____, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[3] Def.'s Ex. A (Edward A. Broyles Aff.)